**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SOPHIANA CILUS,

                Plaintiff,

        - v -

NYU LANGONE HOSPITALS,

                Defendant.

Civil Action No.: 23-cv-440

**COMPLAINT**

*Jury Trial Demanded*

Plaintiff Sophiana Cilus ("Cilus"), by and through her undersigned attorney, brings this Complaint against Defendant NYU Langone Hospitals ("NYU Langone"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for disability discrimination and retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq., the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq., the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., and New York Labor Law § 740.

**JURISDICTION, VENUE, AND PROCEDURAL REQUIREMENTS**

2. The Court has original jurisdiction over Cilus's federal claims pursuant to 28 U.S.C. §§ 1331, 1343.

3. The Court has supplemental jurisdiction over Cilus's state and city law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred

there.

5. All conditions precedent to filing the instant action have been fulfilled. On or about May 25, 2022, Cilus submitted a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). On or about December 15, 2022, the EEOC issued Cilus a Notice of Right to Sue, and this action is being brought within 90 days of Cilus's receipt of the Notice of Right to Sue.

6. Within 10 days of the commencement of this action, Cilus will provide notice of this action to the New York City Commission on Human Rights and Corporation counsel, pursuant to New York City Administrative Code § 8-502(c).

## **PARTIES**

7. Plaintiff Cilus is a resident of the State of New York and former Physician Assistant of NYU Langone.

8. At all relevant times, Cilus was an "employee" of NYU Langone under all relevant statutes.

9. NYU Langone is a not-for-profit corporation registered in New York and permitted to do business in New York.

10. NYU Langone employed more than 14 employees throughout Plaintiff's employment.

11. NYU Langone employed Cilus at its 550 First Avenue, New York, NY 10016 location.

12. At all relevant times, NYU Langone was Cilus's "employer" under all relevant statutes.

**FACTUAL BACKGROUND**

13.   Cilus began working for NYU Langone in the position of Physician Assistant at its 550 First Avenue, New York, NY 10016 location in or about July 2018.

14.   Cilus received an overall rating of "exceeds expectation" for her 2019 Annual Assessment Process and 2020 Annual Performance Cycle.

15.   On or about June 16, 2021, Cilus was diagnosed with a right hip labral re-tear, which required surgical intervention.

16.   In June 2021, Cilus gave NYU Langone notice of her need for FMLA leave due to her right hip labral re-tear.

17.   In response to that notice, Cilus's supervisors advised her to vacate her current active position immediately and transfer to a different department.

18.   Cilus's supervisor, Gargi Mehta, told Cilus that her injury was minor and should only require four weeks of leave.

19.   Cilus's FMLA leave began in July 2021.

20.   On July 8, 2021, Cilus underwent right hip labral reconstruction surgery.

21.   As a result of her injury, and related treatment and surgery, Cilus's ability to stand and walk for prolonged periods was limited.

22.   Cilus's ability to perform manual tasks, sleep, lift, and bend were also impacted.

23.   In January 2022, Cilus requested that NYU Langone accommodate her condition by allowing her to work a reduced maximum shift length (from 12 to 10 hours) for six months or, alternatively, reassign her to a vacant position with maximum ten-hour shifts.

24.   NYU Langone reassigned Cilus to a physician assistant position with a different department through April 23, 2022, which did not require shifts longer than ten hours.

25. NYU Langone's Senior Director of Physician Assistant Services, John Davidson, was aware of Cilus's reassignment and ten-hour maximum restriction through April.

26. Davidson proposed that Cilus increase her shift an additional two hours (from 10 to 12 hours) in March 2022.

27. On March 22, 2022, Cilus declined Davidson's proposal and reminded NYU Langone of her medical condition.

28. On April 10, 2022, Cilus requested an extension of her ten-hour shift accommodation.

29. In April 2022, at NYU Langone's request, Cilus provided a supplemental doctor's note from her surgeon, which included that, due to Cilus's right hip labral reconstruction, she was limited to a maximum of ten hours per shift until July 8, 2022, when she would be reevaluated.

30. On April 18, 2022, NYU Langone denied Cilus's accommodation request to remain in a position with a maximum of ten-hour shifts and told her to "consider this confirmation that there are no assignments available that are consistent with your proposed shift schedule."

31. At the time NYU Langone claimed that there were no assignments available there were multiple advanced practice provider positions available that did not require shifts longer than ten hours.

32. On April 20, 2022, Cilus reported various issues to NYU Langone's human resources including John Davidson's disregard of her disability accommodation, her manager Gargi Mehta's sharing of her confidential medical information with Cilus's coworker, and being subjected to physical aggression by a physician at the hospital.

33. On April 22, 2022, Cilus asked NYU Langone whether she could be assigned to its Hospital Medicine division, which had requested help with partial night shifts.

34. NYU Langone responded that no position was available on that unit.

35. Cilus received a termination letter from NYU Langone dated April 25, 2022, claiming that her "[p]rolonged absence from the unit negatively impacted patient care and burdened your coworkers."

36. On May 4, 2022, NYU Langone notified Cilus that she was ineligible for rehire because she "did not notify your former department that you will not be returning with sufficient time."

37. Cilus had earned approximately 35 hours of unused vacation time at the time of her termination.

38. NYU Langone was required to pay Cilus for her unused, earned vacation time upon the termination of her employment under its Time Off Program.

39. NYU Langone withheld and continues to withhold payment of Cilus's unused, earned vacation time.

**FIRST CAUSE OF ACTION**
**(Disability Discrimination in Violation of the ADA)**

40. Cilus repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

41. NYU Langone has discriminated against Cilus on the basis of her disability and request for a reasonable accommodation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. Cilus has suffered disparate treatment as a result of NYU Langone's wrongful conduct.

42. Cilus is a disabled individual under the ADA and was perceived by NYU

Langone as being disabled, and she is therefore a member of a protected class.

43. Cilus was qualified to work as a Physician Assistant for NYU Langone and satisfactorily performed the duties required by that position.

44. NYU Langone subjected Cilus to an adverse employment action because of her disability, including, but not limited to, disregarding her disability accommodation, denying her request for continued accommodation, and terminating her employment in retaliation.

45. As a direct and proximate result of NYU Langone's unlawful employment practices, Cilus has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

46. NYU Langone's conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of Cilus, entitling her to punitive damages.

## SECOND CAUSE OF ACTION
**(Failure to Accommodate under the ADA)**

47. Cilus repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

48. Cilus is a disabled individual under the ADA and was perceived by NYU Langone as being disabled, and is therefore a member of a protected class.

49. NYU Langone was aware and on notice of Cilus's disability and the symptoms.

50. Cilus requested reasonable accommodations for her disability that would facilitate her return to work, including, but not limited to, a temporary reduction to the maximum length of her work shift from 12 to 10 hours.

51. In response, NYU Langone claimed that the requested accommodation could not be supplied and terminated Cilus's employment approximately 15 days following her request for

continued accommodation and 3 days following her request to be assigned to its Hospital Medicine division.

52. While many positions were available that would have fit Cilus's requested accommodation, NYU Langone claimed that no such positions were available.

53. Had NYU Langone provided Cilus with a reasonable accommodation, Cilus could have performed the essential functions of her job.

54. Accordingly, NYU Langone discriminated against Cilus by virtue of failing to accommodate her known disability and failing to engage in an interactive process in violation of the ADA.

55. As a direct and proximate result of NYU Langone's unlawful employment practices, Cilus has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

56. NYU Langone's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Cilus, entitling her to punitive damages.

### THIRD CAUSE OF ACTION
**(Retaliation in Violation of the ADA)**

57. Cilus repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

58. Cilus requested an accommodation before she returned to work.

59. As set forth in detail above, NYU Langone subjected Cilus to discrimination and adverse employment actions because of her actual and/or perceived disability in violation of Cilus's statutory and constitutional rights.

60. NYU Langone was aware that Cilus opposed unlawful conduct and/or asserted

her rights under the ADA, including but not limited to, her request for a light-duty accommodation.

61. NYU Langone, unlawfully and without cause, retaliated against Cilus as a direct result of Cilus asserting her rights under the ADA as someone with disability or perceived disability, and Cilus suffered materially adverse employment actions as a result.

62. As a direct and proximate result of NYU Langone's unlawful employment practices, Cilus has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

63. NYU Langone's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Cilus, entitling her to punitive damages.

64. Accordingly, NYU Langone retaliated against Cilus in violation of her statutory rights as guaranteed by the ADA.

**FOURTH CAUSE OF ACTION**
**(Disability Discrimination in Violation of the NYSHRL)**

65. Cilus repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

66. The aforementioned facts and circumstances demonstrate that NYU Langone discriminated against Cilus because of her disability.

67. Cilus is a disabled individual under the NYSHRL and/or was perceived by NYU Langone as being disabled, and she is therefore a member of a protected class.

68. Cilus was qualified to work as a Physician Assistant for NYU Langone and she satisfactorily performed the duties required by the position she held with NYU Langone.

69. As set forth in detail above and herein, NYU Langone discriminated against Cilus

and subjected her to adverse employment actions, including, but not limited to, disregarding her disability accommodation, denying her request for continued accommodation, and terminating her employment in retaliation.

70.     As a direct and proximate result of NYU Langone' unlawful employment practices, Cilus has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

71.     Accordingly, NYU Langone discriminated against Cilus because of her disability, in violation of her statutory rights as guaranteed by the NYSHRL.

## FIFTH CAUSE OF ACTION
### (Failure to Accommodate in Violation of the NYSHRL)

72.     Cilus repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

73.     Cilus is a disabled individual under the NYSHRL and/or was perceived by NYU Langone as being disabled, and she is therefore a member of a protected class.

74.     NYU Langone was aware and on notice of Cilus's disability and the symptoms thereof.

75.     Cilus requested reasonable accommodations for her disability that would facilitate her return to work, including, but not limited to, a temporary reduction to the maximum length of her work shift from 12 to 10 hours.

76.     In response, NYU Langone claimed that the requested accommodation could not be supplied and terminated Cilus's employment approximately 15 days following her request for continued accommodation and 3 days following her request to be assigned to its Hospital Medicine division.

77.     While many positions were available that would have fit Cilus's requested

accommodation, NYU Langone claimed that no such positions were available.

78. Had NYU Langone provided Cilus with a reasonable accommodation, Cilus could have performed the essential functions of her job.

79. Accordingly, NYU Langone discriminated against Cilus by virtue of failing to accommodate her known disability and failing to engage in an interactive process in violation of the NYSHRL.

## SIXTH CAUSE OF ACTION
### (Retaliation in Violation of the NYSHRL)

80. Cilus repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

81. As set forth in detail above, Cilus requested an accommodation before she returned to work.

82. NYU Langone retaliated by subjecting Cilus to discrimination and adverse employment actions because of her actual and/or perceived disability in violation of Cilus's statutory and constitutional rights.

83. NYU Langone was aware that Cilus opposed unlawful conduct and/or asserted her rights under the NYSHRL, including but not limited to, her request for a temporary reduction to the maximum length of her work shift from 12 to 10 hours.

84. Cilus has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

85. Accordingly, NYU Langone retaliated against Cilus in violation of her statutory rights as guaranteed by the NYSHRL.

**SEVENTH CAUSE OF ACTION**
**(Disability Discrimination in Violation of the NYCHRL)**

86. Cilus repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

87. The aforementioned facts and circumstances demonstrate that NYU Langone discriminated against Cilus because of her disability.

88. Cilus is a disabled individual under the NYCHRL and/or was perceived by NYU Langone as being disabled, and she is therefore a member of a protected class.

89. Cilus was qualified to work as a Physician Assistant for NYU Langone and she satisfactorily performed the duties required by the position she held with NYU Langone.

90. As set forth in detail above and herein, NYU Langone discriminated against Cilus in the terms and conditions of her employment by treating Cilus less well than her similarly situated, non-disabled coworkers.

91. NYU Langone subjected Cilus to adverse employment action because of her disability, including, but not limited to, disregarding her disability accommodation, denying her request for continued accommodation, and terminating her employment in retaliation.

92. As a direct and proximate result of NYU Langone's unlawful employment practices, Cilus has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

93. NYU Langone's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Cilus, entitling her to punitive damages.

94. Accordingly, NYU Langone discriminated against Cilus because of her disability, in violation of her statutory rights as guaranteed by the NYCHRL.

## EIGHTH CAUSE OF ACTION
### (Failure to Accommodate in Violation of the NYCHRL)

95. Cilus repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

96. Cilus is a disabled individual under the NYCHRL and/or was perceived by NYU Langone as being disabled, and she is therefore a member of a protected class.

97. NYU Langone was aware and on notice of Cilus's disability and the symptoms thereof.

98. Cilus requested reasonable accommodations for her disability that would facilitate her return to work, including, but not limited to, a temporary reduction to the maximum length of her work shift from 12 to 10 hours.

99. In response, NYU Langone claimed that the requested accommodation could not be supplied and terminated Cilus's employment approximately 15 days following her request for continued accommodation and 3 days following her request to be assigned to its Hospital Medicine division.

100. While many positions were available that would have fit Cilus's requested accommodation, NYU Langone claimed that no such positions were available.

101. Had NYU Langone provided Cilus with a reasonable accommodation, Cilus could have performed the essential functions of her job.

102. As a direct and proximate result of NYU Langone' unlawful employment practices, Cilus has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

103. NYU Langone's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Cilus, entitling her to punitive

damages.

104. Accordingly, NYU Langone discriminated against Cilus by virtue of failing to accommodate her known disability under NYCHRL.

## NINTH CAUSE OF ACTION
(Retaliation in Violation of the NYCHRL)

105. Cilus repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

106. As set forth in detail above, Cilus requested an accommodation before she returned to work.

107. NYU Langone treated Cilus less well than similarly situated employees by subjecting her to discrimination and adverse employment actions because of her actual and/or perceived disability in violation of the NYCHRL.

108. NYU Langone was aware that Cilus opposed unlawful conduct and/or asserted her rights under the NYCHRL, including but not limited to, her request for a light-duty accommodation.

109. NYU Langone, unlawfully and without cause, retaliated against Cilus as a direct result of Cilus asserting her rights and/or opposing unlawful conduct under the NYCHRL, and NYU Langone's conduct is reasonably likely to deter an individual from engaging in such protected activity.

110. As a direct and proximate result of NYU Langone's unlawful employment practices, Cilus has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

111. NYU Langone's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Cilus, entitling her to punitive

...

damages.

112. Accordingly, NYU Langone retaliated against Cilus in violation of her statutory rights as guaranteed by the NYCHRL.

### TENTH CAUSE OF ACTION
### (Retaliation in Violation of the FMLA)

113. Cilus repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

114. Pursuant to 29 U.S.C. § 2615(a)(2), the FMLA prohibits discrimination or retaliation by any employer against any individual based upon their exercise of any rights provided by the FMLA.

115. NYU Langone engaged in unlawful retaliation against Cilus after she asserted her rights under the FMLA by not restoring her to her position after her leave was completed and, instead, terminating her employment.

116. NYU Langone's conduct was willful, intentional, made in disregard for the rights of plaintiff, and defendants knew or should have known it was in violation of the FMLA, entitling plaintiff to an award of punitive damages.

### ELEVENTH CAUSE OF ACTION
### (Retaliation in Violation of the NYLL)

117. Cilus repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

118. Cilus engaged in protected activity under NYLL § 740, including, but not limited to, her report of NYU Langone's sharing of her confidential medical information with Cilus's coworker.

119. The termination of Cilus's employment five days following her report constituted

"retaliatory action" under NYLL § 740(1)(e).

120. As a direct and proximate result of NYU Langone's termination of Cilus's employment, she has suffered and continues to suffer damages, including lost earnings and emotional distress.

121. NYU Langone's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Cilus, entitling her to punitive damages.

### TWELFTH CAUSE OF ACTION
**(Unlawful Deduction from Wages in Violation of the NYLL)**

122. Cilus repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

123. NYU Langone acted as Cilus's employer within the meaning of NYLL § 193.

124. Under NYU Langone's Time Off Program, it was required to payout Cilus's earned vacation time after it terminated her employment.

125. NYU Langone's refusal to pay Cilus the aforementioned wages constitutes an unlawful deduction in violation of NYLL § 193.

126. Defendants' withholding of Cilus's wages was willful and done in bad faith. Accordingly, Cilus is entitled to liquidated damages equal to 100% of the unpaid wages due and owing to her pursuant to NYLL § 198(1-a).

127. Cilus is also entitled to recover all reasonable attorney's fees incurred in connection with their claims, along with prejudgment interest pursuant to NYLL § 198(1-a).

128. As a direct and proximate result of NYU Langone's breaches of the NYLL, Cilus has been damaged in an amount to be determined at hearing, and are entitled to an award of liquidated damages, attorney's fees, and prejudgment interest owed in connection with these

violations.

## **RELIEF**

Plaintiff Sophiana Cilus demands judgment in her favor and against NYU Langone as follows:

A. A declaratory judgment that the actions of NYU Langone complained of herein violate the ADA, New York State Human Rights Law, New York City Human Rights Law, FMLA, and NYLL;

B. An injunction and order permanently restraining NYU Langone from engaging in any such further unlawful conduct;

C. An award of damages against NYU Langone, in an amount to be determined at trial, plus prejudgment interest, to compensate Cilus for all monetary and/or economic damages, including but not limited to past and future lost earnings;

D. An award of damages against NYU Langone, in an amount to be determined at trial, plus prejudgment interest, to compensate Cilus for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her emotional distress;

E. An award of punitive damages, in an amount to be determined at trial;

F. Prejudgment interest on all amounts due;

G. An award of Cilus's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

H. Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff Sophiana Cilus demands a trial by jury on all issues so triable of right.

Dated: January 18, 2023								Respectfully submitted,


									*/s/ Alex Rissmiller*
									Alex Rissmiller
									Rissmiller PLLC
									5 Pennsylvania Plaza, 19th Floor
									New York, NY 10001
									T: (646) 664-1412
									arissmiller@rissmiller.com

									*Counsel for Plaintiff Sophiana Cilus*