

**5 PENNSYLVANIA PLAZA, 19ᵀᴴ FLOOR**
**NEW YORK, NY 10001**
**TEL 646.664.1412**
**WWW.RISSMILLER.COM**

**Alex Rissmiller**
arissmiller@rissmiller.com

November 21, 2023

**BY ECF**

*Defendant shall submit a response to Plaintiffs' letter motion no later than November 27, 2023.  Unless and until the Court orders otherwise, the time of the pretrial conference scheduled for November 29, 2023, is CHANGED to 10 a.m.  The call-in information remains the same.  See ECF No. 25.*

SO ORDERED.

*[signature]*

November 22, 2023

The Honorable Jesse M. Furman, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:      <u>Cilus v. NYU Langone Hospitals; No. 23-cv-440-JMF</u>

Dear Judge Furman:

     I represent Plaintiff Sophiana Cilus and write to request an informal conference pursuant to Your Honor's Individual Rule 3(E), seeking an order reopening depositions of Defendant's witnesses and a corresponding discovery extension. The need for this request is twofold: (1) On Friday afternoon, Defendant informed us that one of its 30(b)(6) designees was sick and would be unable to attend the deposition scheduled for yesterday morning, which would need to be rescheduled post-Thanksgiving, and (2) defense counsel's pervasive speaking objections and instructions not to answer has materially obstructed the other depositions. Defendant has consented to a discovery extension to complete the 30(b)(6) deposition given its designee's unavailability but has stated that it would oppose Plaintiff's request to reopen other depositions.

**Background**

     Ms. Cilus initiated this disability discrimination action on January 18, 2023. The parties exchanged written discovery and participated in a June 23, 2023 mediation, which was unsuccessful in resolving any claim. The current fact discovery deadline is November 27, 2023. *See* ECF 24. Defendant conducted Plaintiff's deposition on October 30, 2023. Plaintiff conducted the depositions of John Davidson on November 1, 2023 (condensed transcript attached as <u>Exhibit 1</u>; "Davidson Dep."), Gargi Mehta on November 3, 2023 (condensed transcript attached as <u>Exhibit 2</u>; "Mehta Dep."), and Scott Mellynchuk on November 14, 2023 (transcript not yet available). Mr. Davidson supervised Ms. Mehta, who was Ms. Cilus' direct supervisor. Mr. Mellynchuk was a labor relations representative. All were and are NYU Langone employees who played roles in evaluating and responding to Ms. Cilus' requests for disability accommodations.

**Speaking and Suggestive Objections**

     Throughout the three depositions of Defendant's witnesses, defense counsel interposed frequent speaking objections. While such objections are improper per se, they are especially prejudicial where, as here, they suggest an answer to the deponent. *See* Fed. R. Civ. P. 30(c)(2)

("An objection must be stated *concisely* in a nonargumentative and *nonsuggestive* manner.") (emphasis added); *see also Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, No. 09-CV-3701, 2013 WL 6439069, at *10-11 (S.D.N.Y. Dec. 9, 2013) ("'[S]peaking objections' that cue a witness how to answer (or avoid answering) a question are prohibited.") (collecting cases).

Below is a representative example of the suggestive speaking objections interposed by defense counsel:

> **Q:** What were the issues in the MICU that prevented employees shifts from being reduced from 11 and a half hours?
>
> **MS. KLEIN:** Objection. It's not 11 and half hours. I do want to caution the witness that this is not the ADA paperwork. If you're unable to testify about answering these questions without seeing the actual ADA paperwork in front of you, then I instruct you to just keep your answers in mind, if this is not the actual accommodation request, which we don't know that it is, based on this Email.
> My objection is this: You're confusing the record. The witness is talking about 11 and a half plus an hour lunch. This could be -- 30 hours could be minus an hour lunch. This could be a 25 hour schedule. What I'm saying is, it's a 12 and a half hour shift. He keeps saying 7:00 a.m. to 7:30 p.m.
> Do not confuse the amount of hours. Don't reduce the hours. This is not reducing the hours. I don't want to create a record or have you testify to something that is confusing you as far as how many hours we're actually talking about here.
>
> **MR. RISSMILLER:** Do not coach the witness.
>
> **MS. KLEIN:** You asked what the objection was for. That's what it is about.
>
> **MR. RISSMILLER:** No, I did not.
>
> **MS. KLEIN:** Proceed.

Davidson Dep. 160:20 – 162:4.[1] *See Fashion Exch. LLC v. Hybrid Promotions, LLC*, No. 14-CV-1254, 333 F.R.D. 302, 308 (S.D.N.Y. Sept. 26, 2019) (sanctioning counsel under Rule 30(d)(2), observing that "it is not counsel's place to interrupt if a question is perceived to be potentially unclear to the witness. Rather, the witness should make the determination …") (quoting *Phillips v. Mfrs. Hanover Tr. Co.*, No. 92-CV-8257, 1994 WL 116078, at *4 (S.D.N.Y. Mar. 29, 1994)).

The undersigned requested that the improper objections cease on numerous occasions to no avail.[2] Without the Court's intervention, this conduct will continue in depositions going forward, preventing Ms. Cilus from obtaining the testimony she is entitled to seek during the

---

[1] *See also* Davidson Dep. 77:14-20; 78:9-15; 79:5-17; 81:20 – 82:18; 92:17-93:18; 140:12-21; 152:7-15; 179:21 – 180:11; 182:21 – 184:18; 218:14-22; Mehta Dep. 16:5-15; 30:5-10; 90:3-14; 109:16 – 110:3; 126:19 – 127:15; 128:3-18; 151:3-16; 164:8-20; 169:8-23.

[2] *See, e.g.*, Davidson Dep. 79:16-17; 81:24-25; Mehta Dep. 127:14-15.

discovery process. The Court should therefore order that defense counsel's non-privilege related objections going forward be limited to "objection." *See Antolini v. McCloskey*, No. 19-CV-9038, 2021 WL 5411176, at *1 (S.D.N.Y. Nov. 19, 2021) ("In order to avoid the use of speaking objections, courts have instructed counsel to object to a deposition question not calling for privileged information using the single word, 'objection,' or at most a short phrase.") (collecting cases ordering same).

**Instructions to Not Answer**

Fed. R. Civ. P. 30(c)(2) expressly limits the instances in which a deponent can be instructed not to answer a question: "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Absent those situations, "the examination still proceeds; the testimony is taken subject to the objection." *Id.* "Lack of relevancy is not a proper ground for instructing a witness not to answer deposition questions." *Law Firm of Omar T. Mohammedi, LLC v. Comput. Assisted Practice Elec. Mgmt. Sols.*, No. 17-CV-04567, 2018 WL 5016605, at *5 (S.D.N.Y. Oct. 16, 2018) (emphasis in original) (quoting *Luc Vets Diamant v. Akush*, No. 05-CV-2934, 2006 WL 258293 at *1 (S.D.N.Y. Feb. 3, 2006).

Defense counsel issued numerous instructions not to answer on the basis of relevance and other impermissible grounds, frustrating Plaintiff's ability to obtain necessary testimony.[3] Reopening depositions for a limited additional time period is therefore appropriate. *See, e.g.*, *Fashion Exch. LLC v. Hybrid Promotions, LLC*, No. 14-CV-1254, 333 F.R.D. 302 (S.D.N.Y. Sep. 26, 2019) (ordering second deposition and sanctions in light of improper instructions to not answer).

**Conclusion**

For these reasons, Plaintiff respectfully requests a conference with the Court to address her request for an order (i) reopening the depositions of Defendant's witnesses each for an additional two-hour period to be conducted remotely, (ii) limiting defense counsel's objections unrelated to privilege to "objection" going forward, (iii) extending the fact discovery deadline 30 days to allow for those continued depositions as well as the rescheduled 30(b)(6) deposition, and (iv) any further relief that the Court deems appropriate.

                                                               Respectfully submitted,

                                                               */s/ Alex Rissmiller*
                                                               Alex Rissmiller

cc:     Counsel of record (via ECF)

---

[3] Davidson Dep. 116:12-117:5 (harassing); 132:18-133:19 (legal conclusion); 133:21-134:22 (same); 139:22-140:7 (foundation); 142:16 – 143:25 (relevance); 144:2-19 (relevance); 159:6-160:12 (asked and answered); 167:14 – 169:6 (incomplete exhibit); 243:13 – 249:7 (same); Mehta Dep. 107:25 – 108:7 (legal conclusion); 153:3-24 (relevance); 154:3 – 155:19 (relevance); 155:21 – 158:3 (relevance and that line of questioning was "discriminatory").